[No. B239163. Second Dist., Div. Six. Jan. 15, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
ATANACIO CORONA GUILLEN, Defendant and Appellant.

## COUNSEL

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—The Criminal Justice Realignment Act of 2011 provides that certain felony offenders serve their sentences in "local custody" instead of state prison. (The Criminal Justice Realignment Act of 2011 (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1).) Here we look to various statutes to determine whether appellant Atanacio Corona Guillen, also known as Francisco Meza Baltasar, will serve his sentence in state prison or local custody.

Guillen appeals a judgment entered following his plea to driving with a 0.08 percent or higher blood-alcohol content with the admission of a prior felony (Veh. Code, § 23152, for which he received a felony sentence) and stating false information to a police officer (*id.*, §§ 23152, subd. (b), 23550.5; Pen. Code, § 148.9, subd. (a)).[1] The trial court sentenced him to state prison. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the early morning of August 13, 2011, a Santa Maria police officer observed Guillen driving his vehicle erratically within the traffic lane. The officer stopped Guillen and administered field sobriety tests. Guillen failed the sobriety tests, and toxicology tests later revealed his blood-alcohol content to be 0.21 percent.

On December 9, 2011, Guillen was advised of and waived his constitutional rights, and pleaded nolo contendere to driving with a 0.08 percent or higher blood-alcohol content (count 2), and giving false information to a police officer (count 3). (§ 23152, subd. (b); Pen. Code, § 148.9, subd. (a).) Guillen also admitted that he suffered a prior conviction for driving with a 0.08 percent or higher blood-alcohol content, and that he served a prior prison term. (§ 23550.5; Pen. Code, § 667.5, subd. (b).)

The trial court made requisite factual findings, accepted Guillen's plea, and convicted him of the two counts. It sentenced him to a two-year state prison term for count 2, and added a consecutive one-year term for the prior prison term that he served. It imposed a 180-day sentence for count 3 to be served concurrently, ordered Guillen to pay a $600 restitution fine and a $600 parole revocation restitution fine (stayed), awarded him 328 days of presentence custody credit, and dismissed the remaining charged counts. (Pen. Code, §§ 1202.4, subd. (b), 1202.45.)

Guillen appeals and challenges his commitment to state prison rather than county jail pursuant to the 2011 realignment legislation.

---

[1] All further statutory references are to the Vehicle Code unless otherwise stated.

*DISCUSSION*

Guillen argues that as a matter of statutory construction, he is eligible for sentencing to county jail pursuant to the realignment legislation. (Pen. Code, § 17.5, subd. (a)(5) [realigning low-level felony offenders who do not have prior convictions for serious, violent, or sex offenses to community-based punishment]; *People v. Cruz* (2012) 207 Cal.App.4th 664, 671 [143 Cal.Rptr.3d 742] [realignment legislation provides that felons who are eligible to be sentenced under realignment will serve their terms of imprisonment in local custody rather than state prison].) He relies on Penal Code section 1170, subdivision (h)(1), providing that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years," and Vehicle Code section 42000 providing that "[u]nless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provision of this code shall be punished . . . by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code . . . ." In sum, he asserts that in view of section 42000 and Penal Code section 1170, subdivision (h), Vehicle Code section 23550.5 need not provide specifically for a realignment sentence.

 As part of his plea agreement, Guillen admitted that he suffered a prior felony conviction for driving with a blood-alcohol content of 0.08 percent or higher, within the meaning of section 23550.5. That section punishes specified recidivists "by imprisonment in the state prison or confinement in a county jail for not more than one year," but it does not refer to imprisonment pursuant to subdivision (h) of section 1170 of the Penal Code. (§ 23550.5, subd. (a).)

The trial court did not err by concluding that Guillen was statutorily ineligible to serve his sentence in county jail pursuant to the realignment legislation. Unlike many other penal statutes, section 23550.5 does not expressly refer to punishment pursuant to Penal Code section 1170, subdivision (h). (E.g., § 23550, subd. (a) punishes specific recidivists "by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code," but not § 23550.5, which provides more severe penalties for recidivist offenders.)

 "As part of the Realignment Legislation, the statutes defining many substantive offenses were amended to provide for felony punishment under [Penal Code section] 1170(h). (See, e.g., [Penal Code section] 193(b) (involuntary manslaughter); [Penal Code section] 478 (counterfeiting).) However, the statutes defining many other substantive offenses provide that the sentence must be served in state prison. (See, e.g., [Penal Code section] 273.5 (felony domestic violence); [Penal Code section] 646.9 (felony stalking).)" (1 Witkin

& Epstein, Cal. Criminal Law (4th ed. 2012) Introduction to Crimes, § 141, pp. 231–232.) Thus, by failing to include language in section 23550.5 authorizing punishment pursuant to Penal Code section 1170, subdivision (h), the Legislature intentionally excluded defendants convicted of that offense from eligibility for a county jail sentence.

■ Here we rely upon the rule of statutory construction *expressio unius est exclusio alterius*. That rule provides that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed in the absence of a clear legislative intent to the contrary. (*People v. Palacios* (2007) 41 Cal.4th 720, 732 [62 Cal.Rptr.3d 145, 161 P.3d 519]; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1130 [131 Cal.Rptr.3d 925].) ■ "A statute should be construed with reference to the whole system of law it is enacted to govern and the scheme should be interpreted so that sections are harmonized with one another." (*In re Connie M.* (1986) 176 Cal.App.3d 1225, 1240 [222 Cal.Rptr. 673].)

Guillen's reliance upon section 42000 is misplaced because that section states that it applies "[u]nless a different penalty is expressly provided by this code." Section 23550.5, subdivision (a) provides for "imprisonment in the state prison or confinement in a county jail." Penal Code section 18, subdivision (a) then clarifies that unspecified term: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170."

The judgment is affirmed.

Yegan, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 1, 2013, S208822.