Filed 3/27/13  P. v. Flores CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSE SANDOVAL FLORES,<br><br>  Defendant and Appellant. | 2d Crim. No. B239167<br>(Super. Ct. No. 1356171)<br>(Santa Barbara County) |

Jose Sandoval Flores appeals from a judgment entered after he pled no contest to driving with a 0.08 percent or higher blood alcohol content (DUI) (Veh. Code, § 23152, subd. (b)) and admitted suffering two prior DUI convictions, one of which was a felony DUI.  (Veh. Code, §§ 23152, subd. (b); 23550.5.)  The trial court sentenced appellant to two years state prison and awarded 214 days presentence custody credit. Appellant contends that he is entitled to serve his sentence in county jail under the Criminal Justice Realignment Act of 2011 (Stats 2011, 1st Ex. Sess. 2011-2012, ch. 12. § 1).  We affirm.  (*People v. Guillen* (2013) 212 Cal.App.4th 992, ___ [2013 DJDAR 734, 735].)

On September 25, 2011, appellant was stopped for running a red light. Appellant smelled of alcohol, did not have a driver's license, had two marijuana cigarettes in his pocket, and registered a 0.082 percent blood alcohol content on a breath alcohol test.

Pursuant to an October 28, 2011 plea agreement, appellant pled no contest to felony DUI and admitted two prior DUI convictions in exchange for a two-year state prison sentence. As part of the plea agreement, appellant admitted that he suffered a prior felony DUI conviction in 2007. The trial court sentenced appellant to state prison because Vehicle Code section 23550.5 "excludes the defendant for serving the [prison] time at county jail."

Appellant argues that he should have been sentenced to county jail pursuant to the Criminal Justice Realignment Act of 2011. (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 671 [realignment legislation provides that felons who are eligible to be sentenced under realignment act will serve their terms in local custody rather than state prison].) Effective October 1, 2011, Penal Code section 1170, subdivision (h)(1) provides that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years."

In *People v. Guillen, supra,* 212 Cal.App.4th at page __ [2013 DJDAR at p. 735] we held that a defendant convicted of felony DUI who admits a prior felony DUI conviction is not statutorily eligible to serve his prison sentence in county jail. "Unlike many other penal statutes, section 23550.5 does not expressly refer to punishment pursuant to Penal Code section 1170, subdivision (h). . . . [¶] . . . Thus, by failing to include language in [Vehicle Code] section 23550.5 authorizing punishment pursuant to Penal Code section 1170, subdivision (h), the Legislature intentionally excluded defendants convicted of [felony DUI] from eligibility for a county jail sentence." (*Ibid*. [2013 DJDAR at pp. 734-735].)

Appellant relies on Vehicle Code section 42000 which provides: "Unless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provisions of this code shall be punished by . . . imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Co . . . ." Vehicle Section 42000 does not apply if "a different penalty is expressly provided by this code," which is the case here. (*Ibid*.) "A defendant convicted of DUI with a prior felony DUI conviction

2

within the meaning of section Vehicle Code section 23550.5, is not eligible for a county jail commitment under Penal Code section 1170(h.). Punishment is in state prison. [Citation.]" (Couzens & Bigelow, Felony Sentencing After Realignment (Feb. 2013) p. 7 at <www.courts.ca.gov/partners/documents/felony_sentencing.pdf> (as of Feb. 6, 2013).)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

John F, McGregor, Commissioner

Superior Court County of Santa Barbara

_____


Kathleen M. Redmond, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels, Supervising Deputy Attorney General, William H. Shin, Deputy Attorney General, for Plaintiff and Respondent.