Filed 10/21/13  P. v. Creasy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071881 |
| v. | (Super. Ct. No. 11F3400) |
| DEBORAH ANN CREASY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Deborah Ann Creasy asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

In accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, we provide a summary of the offenses and the proceedings in the trial court.

On June 18, 2011, officers of the Redding Police Department were dispatched to defendant's residence on a domestic violence call.  The victim told the officers he and defendant had been living together for about two years.  Defendant had been drinking and the two got into a pushing and slapping confrontation.  Defendant threw a butcher knife at the victim, which struck him on the bicep causing a one-inch wound.

1

Pursuant to a plea bargain, defendant pled guilty to spousal abuse (Pen. Code, § 273.5. subd. (a)) and admitted serving a prior prison term (Pen. Code § 667.5, subd. (b)). In August 2011, the trial court suspended imposition of sentence and granted defendant probation for three years on various terms and conditions.

In February and April of 2012, two petitions for violation of probation were filed against defendant. As to the February petition, defendant admitted she failed to submit to chemical testing, made contact with the victim, possessed alcohol, and failed to report to the probation officer. As to the April petition, defendant admitted she failed a domestic violence batterer's program for failure to attend, failed a substance abuse program for failure to attend, failed to apprise the probation department of a contact with law enforcement, and failed an adult work program for failure to enroll.

In August 2012, the trial court imposed a sentence of four years, consisting of the middle term of three years for the spousal abuse plus an additional year for having served a prior prison term.[1]

The court awarded defendant 104 days of presentence custody (52 days actually served plus 52 days for conduct). The court also imposed various fines and fees.

Defendant appeals. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Penal Code section 273.5, subdivision (a), is not an offense subject to the Realignment Act. (*People v.Guillen* (2013) 212 Cal.App.4th 992, 995-996.)

DISPOSITION

The judgment is affirmed.

                                             HOCH          , J.

We concur:

          RAYE      , P. J.

          HULL      , J.

3