Filed 12/27/13  P. v. Coburn CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>     **Plaintiff and Respondent,**<br><br>          v.<br><br>**KENNETH GARY COBURN,**<br><br>     **Defendant and Appellant.** | **A138580**<br><br>**(Lake County Super. Ct. Nos. CR925573, CR925574, CR926002)** |

Kenneth Gary Coburn appeals from an order sentencing him to prison for an aggregate term of two years eight months after he pled guilty to a felony charge in one case and had his probation revoked in two others.  His court-appointed counsel has filed an opening brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We affirm.

## I.  BACKGROUND

On August 9, 2009, appellant stole some speakers and an amplifier from the car of a friend.  He pled guilty to grand theft in case No. CR925574 (Pen. Code, § 487) and was placed on probation conditioned on 90 days in county jail.[1]

---

[1]    The case was originally filed in the Mendocino County Superior Court, but was later transferred to the Lake County Superior Court, as was the second case discussed below. ~(1CT 53-61, 175-183)~ We use the Lake County case numbers in this opinion.

Further statutory references are to the Penal Code unless otherwise indicated. References to rules are to the California Rules of Court.

1

On April 22, 2010, appellant was searched as a condition of his probation in an earlier case and found to be in possession of a laptop computer stolen from a community college library. He pled guilty to grand theft in case No. CR925573 (§ 487) and was placed on probation subject to 180 days in the county jail.

On March 5, 2011, a Lakeport police officer saw appellant driving through a parking lot very quickly. He motioned several times for appellant to stop, but appellant did not do so. The officer entered his police car, activated his lights and siren, and pursued appellant, who failed to stop at five stop signs and sped through residential areas at speeds of up to 70 miles per hour. Appellant lost control of his car and hit a parked truck, but continued to flee and failed to stop at another stop sign. He eventually stopped and, after being handcuffed, told the officer he had fled because he was scared.

Appellant pled no contest to reckless evasion of a peace officer under Vehicle Code section 2800.2, subdivision (a) in case No. CR926002, with an agreement he would receive no more than a two-year sentence in that case only. His probation was revoked in case Nos. CR925573 and CR925974 as a result of his plea in case No. CR926002. At a combined sentencing hearing held on all three cases on April 29, 2013, probation was denied and appellant was sentenced to prison for two years eight months: the 16-month lower term on the reckless evasion count plus consecutive terms of eight months each (one-third the middle term) on the two grand theft convictions.

Appellant filed a timely notice of appeal which stated the appeal was based on the sentence or other matters occurring after the plea. (Rule 8.304(b).) He did not seek or obtain a certificate of probable cause under section 1237.5.

## II. DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a supplemental brief, and that he has not filed such a brief. We have independently reviewed the entire record for potential error and find none.

The validity of appellant's no contest plea to reckless evasion is not at issue because he failed to obtain a certificate of probable cause. (§ 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 677.) That plea supported the revocation of his probation in the two earlier theft cases, which contained probation conditions requiring that he obey all laws. In entering his no contest plea to reckless evasion, appellant waived his right to challenge the denial of his preplea motions for substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118. (*People v. Lovings* (2004) 118 Cal.App.4th 1305, 1310-1312.)

As to the prison sentence imposed by the trial court, there was no error. Appellant was presumptively ineligible for probation in light of his two prior felony convictions (§ 1203, subd. (e)(4)), and the court did not abuse its discretion in finding no unusual circumstances existed to support a grant of probation. (See *People v. Bradley* (2012) 208 Cal.App.4th 64, 89 [abuse of discretion standard; denial of probation will be upheld unless it was "arbitrary, capricious or exceeded the bounds of reason"].) As the trial court observed, the evasion offense was not substantially less serious than others for which the probation limitation applied, and appellant did not commit the crime due to great provocation, coercion or duress. (Rule 4.413(c)(1)(A) & (c)(2)(A).) Consecutive terms on the grand theft counts were appropriate because those crimes were committed at different times and places and were predominantly independent of one another. (Rule 4.425(a)(1) & (3).)

Appellant was not eligible to serve his term in county jail under section 1170, subdivision (h), enacted as part of the Criminal Justice Realignment Act of 2011 (Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 1) because Vehicle Code section 2800.2 specifies punishment in the state prison rather than the alternative penalty under realignment. (See *People v. Guillen* (2013) 212 Cal.App.4th 992, 995-996 [reaching same conclusion as to different Vehicle Code statute containing same language regarding penalty].)

We are satisfied appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and conclude no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

3

DISPOSITION

The judgment is affirmed.

                                    _____

                                    NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.