Filed 12/23/14  P. v. Buffam CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICIA LYNN BUFFAM,<br><br>    Defendant and Appellant. | A141081<br><br>(Sonoma County<br>Super. Ct. Nos. SCR630279,<br> SCR638425) |

Defendant Patricia Lynn Buffam was sentenced in two separate drunk-driving cases after she pleaded no contest to violations of the Vehicle Code.  Her counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable issues and affirm, but we order Buffam's abstract of judgment amended to correct a clerical error.

In case No. SCR630279, Buffam was arrested and charged after she drove while intoxicated in Rohnert Park on February 15, 2013, and collided with someone else's vehicle.  On June 25, she pleaded no contest to one count of driving under the influence with a blood-alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b))[1] and admitted allegations that she had been convicted three previous times of violations of the Vehicle Code (§ 23550) and that her concentration of blood alcohol was 0.20 percent by weight or higher (§ 23538, subd. (b)(2)).  Buffam's plea form states the trial court had

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

1

indicated a sentence of two years and that she would be sentenced to county jail under Penal Code section 1170, subdivision (h), the Criminal Justice Realignment Act of 2011. After Buffam entered her plea and she was convicted, the trial court referred the matter to the probation department and put the matter over for sentencing.

Before the trial court sentenced Buffam, she was arrested and charged in case No. SCR638425 after she again drove while intoxicated in Rohnert Park on August 13, 2013, and collided with another car. As in the first case, she faced an allegation under section 23550 that she had suffered three or more convictions under section 23152 within the previous 10 years. She also faced an additional allegation under section 23550.5 that she previously had suffered a felony conviction of section 23152—a reference to her June 25 conviction in the first case. Where an allegation is found true under section 23550.5, a defendant is no longer eligible to be sentenced under the Realignment Act. (*People v. Guillen* (2013) 212 Cal.App.4th 992, 995.)

In the second case, Buffam ultimately pleaded no contest to one count of driving under the influence with a blood-alcohol level of 0.08 percent or higher (§ 23152, subd. (b)) and admitted allegations that she was out on bail at the time of the commission of the offense (Pen. Code, § 12022.1) and that her concentration of blood alcohol was 0.20 percent by weight or higher (§ 23538, subd. (b)(2)). Her plea form states she admitted the violation of section 23152, subdivision (b) "w/ 4 priors." The four prior convictions listed in the information included Buffam's June 25 conviction in the first case. Unlike when the trial court took her plea in the first case, however, the court did not specifically inquire about her previous convictions when it took her plea in the second case. At a subsequent hearing on January 30, 2014, to discuss the probation report, the court clarified with both Buffam and her attorney that Buffam had been advised she was no longer eligible to be sentenced under the Realignment Act after her plea in the second case and that any sentence she received would be served in prison.

The trial court sentenced Buffam in both cases on February 4, 2014. Buffam's attorney argued Buffam should receive probation so that she could complete an in-patient treatment program, but the trial court sentenced her to four years, eight months in prison,

2

calculated as follows: the midterm of two years for the section 23152, subdivision (b) count in the second case, plus a consecutive two years for committing that offense while out on parole (Pen. Code, § 12022.1), plus one third the midterm (eight months) for the section 23152, subdivision (b) count in the first case. The trial court also imposed various fines and fees and ordered her to pay restitution to the people whose cars she hit.

As this appeal follows pleas of no contest, our review is limited to Buffam's sentence or other matters occurring after her pleas that do not affect their validity. (Cal. Rules of Court, rule 8.304(b).) No error appears in her sentence. However, that correct sentence is not accurately reflected in Buffam's abstract of judgment. Although the total prison term is accurate, the abstract states that Buffam received eight months for the on-bail enhancement under Penal Code section 12022.1 in the second case and two years for the conviction under section 23152, subdivision (b) in the first case, instead of vice versa. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-188 [appellate court may correct unraised clerical error].)

DISPOSITION

There are no meritorious issues to be argued on appeal. However, the trial court is directed to amend Buffam's abstract of judgment to reflect that she was sentenced in case No. SCR638425 to two years for her conviction under section 23152, subdivision (b), plus a consecutive two years under Penal Code section 12022.1 in the same case, plus a consecutive eight months for her conviction under section 23152, subdivision (b) in case No. SCR630279, as reflected in the court's minute orders and its oral pronouncement. The trial court is directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment otherwise is affirmed.

 

                          _____

                          Humes, P.J.

We concur:

_____

Margulies, J.

_____

Banke, J.