Filed 3/2/15  P. v. Toro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050022 |
| v. | (Super. Ct. No. 13WF2035) |
| PEDRO FRANCISCO TORO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Since middle school, Damon Sutter has made threats to commit suicide when a female rebuffed his expression of affection for her. On the day of defendant Pedro Francisco Toro's arrest, Sutter, then 19 years old, was at the home of his mother and her boyfriend Matt Maybrier. Defendant was also at the residence.

That evening Sutter sent text a message to Haylie Barnes, stating he was in love with her. Barnes responded that she did not have the same feelings toward him. She testified that Sutter's text responses suggested he was not "emotionally stable." At one point Sutter sent Barnes a text stating "he had no purpose" and "threatened to take his life." Barnes became frightened and called 911 to report Sutter's suicide threat.

Garden Grove Police Officer David Chang went to the residence in response to a report that a person named Sutter had threatened to commit suicide with a gun. Upon his arrival, the garage door was open, but the garage unlit. He noticed an individual was in the garage and directed him to come outside. Defendant emerged wearing a holster. Chang asked defendant if he was armed and defendant said no. Chang conducted a pat-down search of defendant that resulted in the discovery of two fully loaded magazines of ammunition and three shotgun shells. A subsequent check of police records reflected defendant had previously suffered a theft-related felony conviction.

While Chang was frisking defendant, another person came out of the house. He identified himself as Sutter, admitted he sent the text messages to Barnes, but denied he was suicidal. Sutter agreed to go to a hospital for a mental evaluation.

The prosecution charged defendant with possession of ammunition by a person prohibited from owning or possessing a firearm (Pen. Code, § 30305, subd. (a)(1), all further undesignated statutory references are to this code) and alleged he had served a prior prison term (§ 667.5, subd. (b)). The case proceeded to a jury trial.

Defendant testified in his own defense. He claimed he was at the house to replace the carpet in Maybrier's van. While there, defendant heard Sutter make statements about committing suicide. He testified Sutter "told me . . . that, you know, he

2

should just kill himself and it would be so easy to just end it with one shot." While drinking a glass of water in the kitchen, defendant saw the holster and ammunition. Concerned about Sutter carrying out his suicide threat, defendant strapped the holster on his belt and placed the ammunition in his pockets. Sutter's mother and another family member were home at the time. But Sutter was arguing with both of them, and defendant claimed that he decided to hold onto the holster and ammunition until Maybrier returned home. Asked why he did not telephone the police, defendant replied, "I didn't feel it was my call to make." He also acknowledged not mentioning Sutter's suicidal comments to Chang even though the officer said he came to the residence to check on a suicide call.

The jury found defendant guilty as charged. Defendant then admitted the prior prison term allegation.

At sentencing, the trial court denied probation, citing defendant's long criminal history, his previous lack of success on probation, and his statement to a deputy probation officer that he was "enraged by his conviction." It declined to sentence him to local custody under the Criminal Justice Realignment Act of 2011 (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1) because section 30305, subdivision (a)(2) declared "[a] violation of this subdivision is punishable by imprisonment in a county jail not to exceed one year or in the state prison," and did not authorize imposing punishment under section 1170, subdivision (h). The court then sentenced defendant to state prison for 16 months, the lowest possible term authorized by section 18, subdivision (a).

Defendant timely appealed his conviction and we appointed counsel to represent him in the appeal. Counsel has filed a brief in compliance with *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d 436. Defendant was notified of the nature of his appointed attorney's brief and afforded an opportunity to file a supplemental brief. He failed to do so.

After independently reviewing the appellate record to determine whether there are any arguably meritorious issues, we affirm the judgment. Section 30305

3

declares that a "person prohibited from owning or possessing a firearm" cannot "own, possess, or have under custody or control, any ammunition or reloaded ammunition." (§ 30305, subd. (a)(1).)  Defendant admittedly had suffered a prior felony conviction for commercial burglary and was consequently prohibited from owning or possessing a firearm (§ 29800, subd. (a)(1)) when Chang found the ammunition in his pockets.

Chang went to the residence in response to a dispatch of a person threatening to commit suicide with a firearm.  Before arriving at the residence, he did not know either Sutter or defendant.  Under the circumstances, Chang's decision to detain defendant and conduct a pat-down for weapons was reasonable.  It was during this time, before Sutter appeared, identified himself, and acknowledged he was the person who had sent the suicide text messages, that Chang found the ammunition in defendant's pockets.

Finally, the imposition of a state prison sentence was appropriate.  (*People v. Guillen* (2013) 212 Cal.App.4th 992, 995-996.)

The judgment is affirmed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


4