Filed 11/12/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067554 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF32479) |
| GIOVANNI GONZALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County,

L. Brooks Anderholt, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Arlene A. Sevidal and Christen E. Somerville, Deputy Attorneys General, for Plaintiff

and Respondent.

Giovanni Gonzales pleaded guilty to second degree commercial burglary in

violation of Penal Code section 459 (all statutory references are to this code).  The trial

court denied Gonzales's petition for recall of his felony sentence.  He appeals, contending

the trial court erred in denying his petition because: (1) the conduct underlying his

offense meets the statutory definition of misdemeanor shoplifting under section 459.5, a crime added in 2014 by Proposition 47, the Safe Neighborhoods and Schools Act (the Act); and (2) section 1170.18 impliedly applies to convictions pursuant to section 459. We reject Gonzales's arguments and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2013, Gonzales took two bank checks from his grandmother. He went into a Bank of America twice during regular business hours and cashed the checks. The checks were for $125 each, written payable to Gonzales, and signed with his grandmother's name. Gonzales's grandmother stated she did not sign the checks and Gonzales did not have permission to use her checks.

The District Attorney charged Gonzales with second degree commercial burglary in violation of section 459 and forgery. Gonzales pleaded guilty to the commercial burglary and the District Attorney agreed to dismiss the forgery charge. The trial court suspended imposition of sentence, placed Gonzales on formal probation for three years, and ordered him to serve 50 days in county jail with credit for time served.

In January 2015, Gonzales petitioned for recall of his sentence and requested to have his felony conviction reduced to a misdemeanor pursuant to section 1170.18. Gonzales argued that his offense qualified as "shoplifting" under section 459.5. Alternatively, Gonzales argued the court should liberally construe the Act, which would permit it to change his felony to a misdemeanor under section 459. The trial court denied Gonzales's petition, reasoning that his offense did not qualify as "shoplifting" under

section 459.5 because there was no larceny. The court also rejected Gonzales's request to reduce his commercial burglary to a misdemeanor.

DISCUSSION

I. *Shoplifting Under Section 459.5*

Gonzales contends the trial court should have granted his petition for recall and resentencing because his offense met the statutory definition of shoplifting under section 459.5. We disagree.

On November 4, 2014, the voters enacted Proposition 47, the Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) The Act reclassified certain theft- and drug-related crimes from felonies to misdemeanors unless they were committed by ineligible defendants. (*Id.* at p. 1091.) It also established a procedure for qualifying defendants to petition for recall and modification of their prior convictions and sentences. (§ 1170.18, subd. (a).)

Among its reclassifying provisions, Proposition 47 added a new crime, shoplifting (§ 459.5). Section 459.5 provides:

> "(a) . . . shoplifting is defined as entering a commercial establishment *with intent to commit larceny* while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except [when the defendant has a disqualifying prior conviction].
>
> "(b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (Italics added.)

3

Gonzales contends that although his offense does not appear to meet the colloquial definition of "shoplifting," his actions do meet the statutory definition as set forth in section 459.5. Specifically, he asserts that his acts of entering a Bank of America branch, a commercial establishment, during regular open business hours, with the intent to commit larceny, and taking away $250 in cash meets the definition of shoplifting in section 459.5. Based on our independent review, we reject Gonzales's argument because as defined by section 459.5, the offense of shoplifting requires an "intent to commit larceny," which was not present in this case. (See *People v. Love* (2005) 132 Cal.App.4th 276, 284 ["Statutory construction is a question of law which we decide independently."].)

The meaning of "larceny" is clear and unambiguous. "Larceny requires the taking of another's property, with the intent to steal and carry it away. [Citation.] 'Taking,' in turn, has two aspects: (1) achieving possession of the property, known as 'caption,' and (2) carrying the property away, or 'asportation.' " (*People v. Gomez* (2008) 43 Cal.4th 249, 254-255, fn. omitted.) "[L]arceny requires a 'trespassory taking,' which is a taking *without* the property owner's consent." (*People v. Williams* (2013) 57 Cal.4th 776, 788 (italics added) (*Williams*).)

In *Williams*, our high court considered the definition of larceny as related to the crime of robbery. In that case, the defendant used a credit card, which was encoded with a third party's credit card information, to purchase gift cards at Walmart. (*Williams*, *supra*, 57 Cal.4th at p. 780.) In discussing the " 'felonious taking' " requirement of robbery, the court found that the defendant did not commit larceny because his taking was consensual. (*Id*. at p. 788.) The court explained, "Walmart, through its store

4

employees, consented to transferring title to the gift cards to defendant. Defendant acquired ownership of the gift cards through his false representation, on which Walmart relied, that he was using valid payment cards to purchase the gift cards. Only after discovering the fraud did the store seek to reclaim possession. Because 'felonious taking,' as required in California's robbery statute [citation], must be *without the consent* of the property owner, or 'against his will' [citation], and Walmart *consented* to the sale of the gift cards, defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not commit robbery." (*Id*. at pp. 788-789.)

As in *Williams*, the taking in this case was consensual. Bank of America consented to transferring title and possession to $250 to Gonzales. Gonzales used false representations that he was cashing valid checks made out to him to obtain the money from Bank of America. Relying on those representations, which the bank must have believed to be true, it consented to giving Gonzales the money. Larceny requires a taking *without* consent (*Williams*, *supra*, 57 Cal.4th at p. 788). That element was not satisfied in this case.

Because the crime of shoplifting in section 459.5 requires an "intent to commit larceny," Gonzales's offense did not meet the statutory definition of shoplifting.

## II. *Resentencing Based on Section 459*

Gonzales contends the trial court should have resentenced him to a misdemeanor under section 459. Although Gonzales recognizes that section 459 is not expressly specified in section 1170.18, he contends that because that section allows for

resentencing for other theft offenses involving property under the threshold of $950, it also permits resentencing of section 459 offenses. We reject this argument.

The Act allows a defendant to petition for resentencing if he or she is serving a sentence for a crime that the Act now designates as a misdemeanor. (§ 1170.18, subd. (a); *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Section 1170.18, subdivision (a), identifies those crimes by statute: "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

The statutory construction rule of expression *unius est exclusion alterius* "provides that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed in the absence of a clear legislative intent to the contrary. [Citations.] 'A statute should be construed with reference to the whole system of law it is enacted to govern and the scheme should be interpreted so that sections are harmonized with one another.' " (*People v. Guillen* (2013) 212 Cal.App.4th 992, 996; see *People v. Gray* (1979) 91 Cal.App.3d 545, 551 [the inclusion of only four crimes as exceptions to the sentence enhancement for great bodily injury demonstrated the legislative intent to exclude other crimes from the list].)

Here, Gonzales was convicted of second degree commercial burglary in violation of section 459, a felony. He contends that the court should have resentenced him to a misdemeanor under that section. However, section 459 is not listed in section 1170.18, the resentencing statute. Section 1170.18, however, does include several theft-related offenses that qualify for misdemeanor sentencing if the property in question had a value

6

less than $950.  (§§ 459.5 [shoplifting], 473 [forgery], 476a [issuing checks without sufficient funds], 490.2 [petty theft], 496 [receiving stolen property].)  Section 1170.18's failure to include section 459 in this list demonstrates an intent to exclude it from the resentencing provisions of the Act.  Thus, Gonzales was not eligible for resentencing based on section 459.

## DISPOSITION

The order is affirmed.


MCINTYRE, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.


7