Filed 8/31/16  P. v. Marabut CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK MARABUT,<br><br>    Defendant and Appellant. | B265827<br><br>(Los Angeles County<br>Super. Ct. No. NA100901) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Law Offices of Christopher Nalls and Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Derrick Marabut appeals from the judgment entered upon his no contest plea to misdemeanor possession of ammunition in violation of Penal Code section 30305.[1] Appellant seeks to have his conviction set aside on the ground that he is not subject to section 30305 because his prior felony drug conviction (Health and Saf. Code, § 11377), was reduced to a misdemeanor under Proposition 47 for all purposes. (§ 1170.18, subd. (k).) He argues that the exception in section 1170.18, subdivision (k), prohibiting him from possessing a firearm, does not extend to his possession of ammunition. Alternatively, appellant argues that section 1170.18, subdivision (k) either does not apply to him because Proposition 47 is retroactive or violates equal protection. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In October 2014, appellant was sentenced to three years of probation, following his conviction for felony drug possession under Health & Safety Code section 11377, subdivision (a).[2] Proposition 47, the Safe Neighborhoods and Schools Act, became effective in November 2014, making drug possession a misdemeanor. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) This voter initiative measure also created a new provision, which allows a person "currently serving" a felony sentence for an offense that is a misdemeanor under Proposition 47 to petition for recall of that sentence and for resentencing; if the sentence has been completed, the person may petition for redesignation of the felony conviction as a misdemeanor. (§ 1170.18, subds. (a)-(b), (f)-(g).) On December 5, 2014, appellant's petition to reduce his drug conviction to a misdemeanor was granted.

---

[1] Subsequent undesignated references are to the Penal Code.

[2] There is scant information in the record about appellant's drug conviction. We rely on the probation report and representations made at the preliminary hearing and May 22, 2015 hearing in this case.

2

On December 10, 2014, ammunition was found during a search of appellant's bedroom, and appellant was charged with felony possession of ammunition in violation of section 30305, subdivision (a)(1), based on his prior drug conviction. Appellant moved to dismiss the information under section 995 on the alternative grounds that he was not a felon at the time of the alleged section 30305 violation, and that section 1170.18, subdivision (k) violates equal protection. The motion was denied. The court then granted the prosecution's motion to amend the information and charge the section 30305 offense as a misdemeanor. Appellant pled no contest to the amended charge and was sentenced to 364 days in jail. This appeal followed.[3]

## DISCUSSION

### I

Statutory interpretation is a question of law that we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) We apply the same rules of construction to statutes and voter initiatives. (*People v. Park* (2013) 56 Cal.4th 782, 796; *People v. Briceno* (2004) 34 Cal.4th 451, 459.) Although we begin with the statutory language, we do not construe it in isolation; rather, every statute must be read in context """with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' [Citation.]" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276; *People v. Brown* (2014) 230 Cal.App.4th 1502, 1509.)

Section 1170.18, subdivision (k), provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or

---

[3] Appellant was granted a certificate of probable cause to appeal the denial of the section 995 motion. Because the section 30305 offense was originally charged as a felony, we have jurisdiction over the case. (*People v. Lynall*, *supra*, 233 Cal.App.4th at p. 1105.)

control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

Section 30305, subdivision (a)(1) provides: "No person prohibited from owning or possessing a firearm under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, shall own, possess, or have under custody or control, any ammunition or reloaded ammunition."

Because the prohibition on firearm ownership, possession, custody, or control is the only part of the Penal Code specifically referenced in section 1170.18, subdivision (k), appellant argues the voters must not have intended the exception with respect to the misdemeanor redesignation of felony convictions in subdivision (k) to apply to section 30305. He relies on the rule of statutory construction *expressio unius est exclusio alterius*, which provides "that where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed in the absence of a clear legislative intent to the contrary. [Citations.]" (*People v. Guillen* (2013) 212 Cal.App.4th 992, 996.)

Section 1170.18, subdivision (k) cannot be read in isolation. Both subdivision (k) and section 30305 reference the prohibition of gun ownership or possession in Chapter 2 of Division 9 of Title 4 of Part 6 of the Penal Code. (See *People v. Valladoli* (1996) 13 Cal.4th 590, 601 ["'statutes . . . relating to the same subject must be harmonized, both internally and with each other, to the extent possible'"].) Section 30305 rides on the firearm statutes, indicating that it is illegal for a person who may not lawfully own or possess a gun to own or possess ammunition. The prohibition on gun ownership and possession survives Proposition 47, since under section 1170.18, subdivision (k), appellant is a person who may not lawfully own or possess a gun. Read together, section 1170.18, subdivision (k) and section 30305 prohibit appellant from owning or possessing ammunition.

II

4

Appellant argues alternatively that section 1170.18, subdivision (k) does not apply because, he reasons, his judgment of conviction in the drug possession case was not final when Proposition 47 went into effect, and his felony drug conviction was reduced to a misdemeanor as a matter of law. He acknowledges that appellate courts have rejected this reasoning (see e.g. *People v. Shabazz* (2015) 237 Cal.App.4th 303, 312–313), and that the issue is under review by the California Supreme Court. (See *People v. Dehoyos* (2015) 238 Cal.App.4th 363, rev. granted Sept. 30, 2015, S228230.)

A statute reducing punishment applies to all cases not yet final on appeal unless there is clear legislative intent to the contrary. (*In re Estrada* (1965) 63 Cal.2d 740, 742, 748.) Section 1170.18 sets out the procedure a felon sentenced before Proposition 47's effective date must follow to obtain resentencing or redesignation of the conviction as a misdemeanor, and it does so "without regard to the finality of the judgment." (*People v. Shabazz*, *supra*, 237 Cal.App.4th at p. 313.) The plain language of section 1170.18 shows the voters did not intend that Proposition 47 automatically reduce such a felony conviction to a misdemeanor. (*Id.* at p. 313; see also *People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 [applying same reasoning to Proposition 36 (§ 1170.126)].)

III

Appellant also argues that the exception in section 1170.18, subdivision (k), which prohibits gun ownership or possession, violates his constitutional right to equal protection because it applies only to defendants who, like him, were sentenced as felons before Proposition 47 went into effect and whose felony convictions were afterwards reduced to misdemeanors, but does not apply to defendants sentenced as misdemeanants after the initiative's effective date for offenses that were deemed felonies before that date.

To establish an equal protection violation appellant must show that "'the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Different treatment of similarly situated groups withstands scrutiny if a statute "neither implicates a

5

fundamental right nor operates to the singular disadvantage of a suspect class" and bears a rational relationship to a legitimate state purpose. (*People v. Jeha* (2010) 187 Cal.App.4th 1063, 1073.) "[P]enal classifications will be upheld unless they are irrational." (*People v. McKee* (2010) 47 Cal.4th 1172, 1204.)

Section 1170.18, subdivision (k) treats appellant differently because he was originally convicted of a drug offense that, before the passage of Proposition 47, "society had deemed a felony." (*People v. Morales* (2016) 63 Cal.4th 399, 408.) Thus, he is not similarly situated to a person who after the effective date of Proposition 47 is convicted of a crime currently deemed to be a misdemeanor. A classification defined by the date an ameliorative statute becomes operative rationally furthers the state's legitimate interest in "'assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.'" (*In re Kapperman* (1974) 11 Cal.3d 542, 552; see also *People v. Floyd* (2003) 31 Cal.4th 179, 188–189 [prospective reduction of sentences from effective date of new sentencing statute does not deny equal protection].)

In an apparent non sequitur, appellant contends the rationale regarding ameliorative statutes does not apply in this case because he was convicted under section 30305, which has not been amended. However, appellant does not challenge section 30305 on equal protection grounds; rather, he challenges section 1170.18, subdivision (k), which is part of Proposition 47, an ameliorative voter initiative.

The reason appellant cannot legally possess ammunition is that it is unlawful for him to own or possess a firearm; that is the effect of section 1170.18, subdivision (k). Before Proposition 47, appellant was a convicted felon subject to a lifelong ban on firearm ownership or possession, and section 30305 applied that ban to ownership or possession of ammunition. While Proposition 47 allowed appellant to receive the benefit of resentencing on his drug conviction, it did not lift the ban on firearm ownership or possession, which was a collateral consequence of that conviction. The voters could rationally conclude that persons, like appellant, who qualify for resentencing under Proposition 47 should nevertheless continue to be treated as felons for purposes of firearm ownership or possession in order to maintain the deterrent effect of firearm laws.

6

"Equal protection of the laws does not mean a person can claim the benefits of an ameliorative change in the law but refuse to accept the price." (*People v. Morales*, *supra*, 63 Cal.4th at pp. 408–409 [voters could rationally conclude that persons resentenced under Proposition 47 should be placed on parole].) That persons sentenced as misdemeanants after Proposition 47 may not be subject to the same firearm prohibition does not make the law irrational. "'A classification is not arbitrary or irrational simply because there is an "imperfect fit between means and ends"' [citation], or 'because it may be "to some extent both underinclusive and overinclusive"' [citation]." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887.)

Appellant incorrectly relies on the liberty interest at issue in civil commitments to argue that section 1170.18, subdivision (k) must be subject to strict scrutiny. Penal and civil commitment statutes are treated differently for purposes of equal protection analysis. (See *People v. McKee*, *supra*, 47 Cal.4th at p. 1204.) Nor does the right to bear arms under the Second Amendment change the analysis since the Second Amendment permits "'presumptively lawful regulatory measures, . . .' including 'longstanding prohibitions on the possession of firearms by felons[ ] [citation]'" and logically also allows such prohibitions on the possession of firearms by misdemeanants. (*People v. Flores* (2008) 169 Cal.App.4th 568, 574, quoting *District of Columbia v. Heller* (2008) 554 U.S. 570, 626–627 & fn. 26.)

Because appellant is subject to section 30305 through section 1170.18, subdivision (k), which is valid, his conviction for illegal possession of ammunition cannot be set aside.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:


MANELLA, J.


COLLINS, J.