Filed 11/13/20  P. v. Hubbard CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. BRUCE WALTER HUBBARD, Defendant and Appellant. | F080717 (Super. Ct. No. BF173462A) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kelly E. Lebel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Detjen, J. and Peña, J.

Defendant Bruce Walter Hubbard contends on appeal that the abstract of judgment contains a clerical error, reflecting that he had suffered a prior strike conviction when no such finding was made. The People concede the abstract of judgment contains the identified error. We affirm the judgment and direct the trial court to prepare an amended abstract of judgment correcting the clerical error.

## PROCEDURAL SUMMARY

On August 21, 2018,[1] the Kern County District Attorney charged defendant with inflicting corporal injury upon Jane Doe, with whom he was in a dating relationship (Pen. Code, § 273.5, subd (a);[2] counts 1 & 7), vandalism over $400 (§ 594, subd. (b)(1); counts 2 & 6), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 3), assault with a deadly weapon (§ 245, subd. (a)(1); count 4), first degree burglary (§ 460, subd. (a); count 5), and misdemeanor battery (§ 243, subd. (a); count 8). As to counts 1 and 7, the complaint alleged defendant had suffered a prior conviction for a violation of section 273.5, subdivision (a) (§ 273.5, subd. (f)(1)).

On August 30, defendant pled no contest to count 1 and admitted the prior conviction allegation in exchange for dismissal of the other counts and an agreed-upon sentence—three years of formal probation, with one year in custody as a term of probation.

On September 28, the trial court imposed the agreed-upon sentence.

On June 19, 2019, the probation officer filed a declaration letter requesting that defendant's probation be revoked because defendant violated the terms of probation by committing new offenses; harassing, threatening, or stalking the victim, or committing acts of violence toward the victim, or destroying her property; and failing to complete a batterer's treatment program.

---

[1]     All further dates refer to the year 2018 unless otherwise stated.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

On January 28, 2020, the trial court revoked defendant's probation and sentenced him to a middle term of four years in prison (§ 273.5, subd. (f)(1)).

On February 3, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY[3]

### The Underlying Offenses

On July 24, defendant followed his ex-girlfriend, Jane Doe, while she was walking through a park. Doe told defendant to leave her alone. He became upset and grabbed her by the hair, causing her to fall to the ground where he choked her for several seconds. When defendant stopped choking Doe, he punched her on the right side of her face then fled. Doe suffered a half-inch scratch to the right side of her back and a three-inch scrape to the back of her right leg.

Later in the same day, defendant repeatedly kicked Doe's vehicle and broke three windows of the same vehicle using a metal pole. Defendant then threw a metal pole at Doe's companion, Gary Gilbert.

On August 19, defendant came to Doe's residence and yelled by the front door. Gilbert told defendant to leave. Defendant punched through a small window by the door to the residence then kicked open the front door. Defendant entered the residence and struck Gilbert six to eight times on his face and chest. Defendant then grabbed Doe by her hair. At that point, law enforcement was called, and defendant fled to a trailer near Gilbert's residence. Law enforcement found defendant in the trailer and arrested him.

---

[3] Defendant admitted the factual basis for the offense and executed a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, allowing the court to consider the facts underlying the dismissed counts in determining the sentence. The factual summary for the underlying offenses is drawn from the presentence report and includes facts relating to the offenses of conviction and the dismissed offenses.

*The Probation Violation*

On May 3, 2019, Kern County Sheriff's Deputy Jason Luker conducted a probation search of defendant. He found a clear plastic bag containing methamphetamine in defendant's pants pocket.

On June 14, 2019, Luker responded to Doe's residence. When he arrived, he heard a woman shout " 'Stop,' " and noticed a broken window on the west side of the residence. Luker observed defendant exit Doe's residence. Defendant was not wearing a shirt and had scratches on his chest. Luker spoke to Doe and Gilbert, and saw that Doe's shirt was ripped and she had red marks on her shoulders. On that date, a protective ordered prohibited defendant from having contact with Doe and Gilbert.

## DISCUSSION

"It is well settled that '[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize. [Citation.]' When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, [the] court has the inherent power to correct such clerical error on appeal, whether on [its] own motion or upon application of the parties." (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

Here, the abstract of judgment reflects that defendant was sentenced "to prison … due to … [a] current or prior serious or violent felony." However, as the parties agree, the trial court did not sentence defendant based on a current or prior serious or violent felony conviction or find that defendant had committed a serious or violent felony. Indeed, it could not have done so because none of the offenses of conviction constituted a serious or violent felony conviction, and the complaint did not allege any prior serious or violent felony conviction. The court sentenced defendant to a middle term of four years' imprisonment pursuant to section 273.5, subdivision (f)(1), based on defendant's present

4

conviction for a violation of section 273.5, subdivision (a), occurring within seven years of a previous conviction of the same.  (§ 273.5, subd. (f)(1).)**4**  As such, the "current or prior serious or violent felony" conviction box was marked in error.

Accordingly, we will direct the trial court to prepare an amended abstract of judgment that accurately reflects the court's oral pronouncement of sentence.  The amended abstract of judgment should reflect that defendant was not sentenced as a result of a "current or prior [conviction for a] serious or violent felony."

## **DISPOSITION**

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to accurately reflect the court's oral pronouncement of sentence and to remove the check mark in the box indicating that defendant was sentenced to prison due to a current or prior serious or violent felony conviction.  The trial court is further directed to forward a copy of the amended abstract of judgment to the appropriate entities.

---

**4**     In 2011, the Legislature enacted and amended the Criminal Justice Realignment Act of 2011 (Realignment Act), which "significantly change[d] the punishment for some felony convictions."  (*People v. Scott* (2014) 58 Cal.4th 1415, 1418.)  However, the Realignment Act only applies to some felony convictions.  (*People v. Scott*, at p. 1418.) " 'As part of the Realignment Legislation, the statutes defining many substantive offenses were amended to provide for felony punishment [in county jail] under [ … section] 1170[, subdivision] (h).…' "  (*People v. Guillen* (2013) 212 Cal.App.4th 992, 995; see, e.g., § 193, subd. (b) ["Involuntary manslaughter is punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."].)  Other statutes, like section 273.5, provide "that the sentence must be served in state prison."  (*People v. Guillen*, at p. 995.)