Filed 1/16/15  P. v. Blanco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARMANDO FARIAS BLANCO,<br><br>    Defendant and Appellant. | F068071<br><br>(Super. Ct. No. CRM028933A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Franson, J. and Smith, J.

Defendant Armando Farias Blanco pled no contest to manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a);[1] count 1), possession of a controlled substance for sale (§ 11378; count 2), transportation of a controlled substance (§ 11379, subd. (a); count 3). As to count 1, he admitted that the substance exceeded three pounds in weight (§ 11379.8, subd. (a)(2)) and that a child was present in the structure where the substance was manufactured (§ 11379.7, subd. (a)). As to count 2, he admitted the substance exceeded one kilogram in weight (§ 11370.4, subd. (b)(1)). The trial court sentenced him to three years on count 1, plus five years for the weight enhancement, plus two years for the child enhancement. The court ordered that the 10-year sentence be served in state prison. Sentence on the remaining counts was stayed pursuant to Penal Code section 654.

On appeal, defendant contends the trial court erred in sentencing him to prison rather than county jail based on an enhancement rather than an offense. He points out he was not convicted of any offense providing for a prison term.

Only days after defendant filed his opening brief, this court answered this question in *People v. Vega* (2014) 222 Cal.App.4th 1374. There, as here, the defendant had been convicted of manufacturing methamphetamine with an enhancement for committing the offense while a child was present. We concluded that "absent evidence of a contrary legislative intent, where an enhancement specifically provides for a term to be served 'in the state prison' the entire term imposed shall be served in state prison even where the underlying offense would otherwise be served in local custody." (*Id.* at p. 1387.)

We decline to reconsider *People v. Vega, supra,* 222 Cal.App.4th 1374, and thus we conclude the trial court did not err when it sentenced defendant to state prison.

---

[1] All statutory references are to the Health and Safety Code unless otherwise noted.

## DISPOSITION

The judgment is affirmed.