Filed 11/13/15  P. v. Pitchie CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066752 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF30752) |
| DARREN JAMES PITCHIE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Donal B. Donnelly, Judge.  Affirmed.

Law Offices of John E. Edwards and John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Darren James Pitchie pleaded no contest to one count of felony elder abuse (Pen. Code,[1] § 368, subd. (b)(1)).  In exchange, the People agreed to dismiss another felony

---

[1]     All statutory references are to the Penal Code.

elder abuse count against Pitchie. Pursuant to the plea agreement, the trial court suspended the three-year state prison term and placed Pitchie on probation for five years. After Pitchie violated probation a second time, the trial court revoked probation and ordered executed the previously suspended three-year state prison term.

On appeal, Pitchie contends the trial court imposed an unauthorized sentence by failing to sentence him under the Criminal Justice Realignment Act of 2011 (the Realignment Act), codified as section 1170, subdivision (h). (Stats. 2011, ch. 15, § 451.) The People respond that Pitchie forfeited the claim by failing to object at sentencing. To obviate an ineffective assistance of counsel claim, we address the matter on the merits. (See *People v. Riazati* (2011) 195 Cal.App.4th 514, 530.) We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*Underlying Incidents and Plea Agreement*[2]

Pitchie lived in a motor home located on the property of his parents, Jerome and Margaret.[3] On March 15, 2013, at around 3:00 a.m., Pitchie slapped Margaret on the neck. Margaret and Jerome feared for their safety and locked themselves in their bedroom. When Pitchie kicked a hole in the door, Jerome called 911. That same morning, Imperial County Sheriff's Deputy William Ayala was dispatched to Jerome and

---

[2]    The parties stipulated that the preliminary hearing transcript would provide the factual basis for the plea agreement.

[3]    Because Pitchie shares the same last name with his parents, we will refer to them by their first names to avoid confusion.

Margaret's home. Two deputies struggled to restrain Pitchie before Deputy Ayala intervened and was able to handcuff him. Deputy Ayala later observed two red abrasions on Margaret's left cheek.

On April 3, 2013, Imperial County Sheriff's Deputy Chad Higginbothan was dispatched to Jerome and Margaret's home. Jerome told Deputy Higginbothan that Pitchie's behavior towards Margaret had worsened over the past three days. Jerome was afraid of Pitchie, who was inside his motor home. Pitchie prevented Deputy Higginbothan and another deputy from entering through the front door, but Deputy Higginbothan managed to enter through a window, tackled Pitchie, handcuffed him, and took him to jail.

On May 1, 2013, the Imperial County District Attorney's Office filed an information alleging Pitchie committed two counts of felony elder abuse under section 368, subdivision (b)(1). Count 1 alleged Pitchie committed felony elder abuse against Jerome on April 3, 2013. Count 2 alleged Pitchie committed felony elder abuse against Margaret on March 15, 2013.

On the May 30, 2013 plea agreement form, the word "state" was twice crossed out from the term "state prison" under the section captioned, "Consequences of Pleading Guilty or No Contest."[4] However, Pitchie agreed he could serve a maximum term of three years in prison for violating probation. At the August 16, 2013 sentencing hearing, Pitchie affirmed his understanding that he could spend up to three years "in custody" if he

---

[4] The parties acknowledge that nothing in the record explains why the term "state" was twice struck from the plea agreement form.

violated probation. The court suspended imposition of Pitchie's three-year term and placed him on formal probation for five years.

*Probation Violations*

On March 14, 2014, Pitchie admitted to violating probation after he was arrested twice for disobeying court orders and failed to report those arrests to his probation officer. The trial court reinstated probation, imposed a 64-day county jail term, granted him credit of 64 days for time served, and converted the earlier grant of probation to a three-year sentence, which it suspended.

On May 29, 2014, Pitchie asked his parents if they had pain medication and became upset when they did not have any. He pointed his finger one to two inches from Margaret's eye and advanced towards her. Margaret retreated to the living room. Jerome told Pitchie to leave Margaret alone. Pitchie became angry and pounded his fist on Jerome's television tray, causing items to fall off the tray. Pitchie grabbed a phone from Jerome, causing the phone to break and cut Jerome's finger.

On September 3, 2014, the trial court found Pitchie had violated probation a second time. Before the sentencing hearing, the probation department recommended imposition of the three-year state prison term. It also determined Pitchie was ineligible for a county jail sentence under section 1170, subdivision (h) because of his prior serious felony conviction for criminal threats (§ 422) and his felony elder abuse conviction.

At the September 30, 2014 sentencing hearing, defense counsel asked the court to sentence Pitchie to county jail for eight to ten months. The People responded, "[Pitchie]'s already been sentenced to three years state prison. It's just a matter of executing that

4

suspended prison sentence at this time."  The court asked defense counsel to verify the sentence would be a state prison commitment.  Defense counsel answered, "It's my understanding, your Honor, that this particular offense is not 1170 [subdivision] (h), so it would be a state prison [commitment]."  The court permanently revoked probation and ordered the three-year state prison term executed, granting Pitchie 609 days of credit for time served.  Pitchie timely appealed.

DISCUSSION

A.  *Legal Principles*

Pitchie's challenge to his sentence presents a pure question of statutory interpretation, which we review de novo.  (*People v. Borynack* (2015) 238 Cal.App.4th 958, 962.)

Section 18, subdivision (a), the default sentencing provision for felonies, provides: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison *unless* the offense is punishable pursuant to subdivision (h) of Section 1170."  (§ 18, subd. (a), emphasis added.)  "Thus, state prison remains the default punishment for felony convictions even after [the Realignment Act]." (*People v. Vega* (2014) 222 Cal.App.4th 1374, 1382.)

The Realignment Act "significantly changes felony punishment" by making certain offenses previously punishable by state prison terms eligible for county jail terms. (*People v. Lynch* (2012) 209 Cal.App.4th 353, 357.)  However, the Realignment Act only affects certain offenses, and state prison remains the sole punishment for many other

5

offenses. (*People v. Guillen* (2013) 212 Cal.App.4th 992, 995.) "A felony *punishable pursuant to this subdivision* shall be punishable by imprisonment in a county jail for the term described in the underlying offense." (§ 1170, subd. (h)(2), emphasis added.) Thus, the plain language of section 1170, subdivision (h)(2) requires the underlying statute to expressly invoke section 1170, subdivision (h) to make a felony offense punishable in county jail. (*People v. Vega, supra,* 222 Cal.App.4th at pp. 1384-1385; *People v. Guillen, supra,* 212 Cal.App.4th at pp. 995-996.) Otherwise, the defendant is sentenced to state prison under section 18 or the underlying statute. (§ 18, subd. (a).)

Subdivision (h)(3) of section 1170 excludes defendants from realignment if they have suffered a prior or current conviction for a serious or violent felony or are required to register as a sex offender. Section 1170, subdivision (h)(6) states: "The sentencing changes made by [the Realignment Act] shall be applied prospectively to any person sentenced on or after October 1, 2011."

## B. *Analysis*

As stated, section 1170, subdivision (h) does not apply unless the underlying offense expressly provides for it. Pitchie pleaded no contest to a charge under section 368, subdivision (b)(1), which specifies "imprisonment in the state prison for two, three, or four years" as the only punishment for felony elder abuse. This section makes no reference to section 1170, subdivision (h). Accordingly, as Pitchie's defense counsel recognized, Pitchie was ineligible for sentencing under the Realignment Act.

6

The Realignment Act modified subdivisions (d), (e), and (f) of section 368 to make them punishable "pursuant to subdivision (h) of Section 1170 for two, three, or four years" but did not amend subdivision (b)(1) in a similar manner. (Stats. 2011, ch. 15, § 336.) We therefore conclude the Legislature intentionally excluded felony elder abuse from realignment. (See *People v. Guillen, supra,* 212 Cal.App.4th at p. 996; *People v. Vega, supra,* 222 Cal.App.4th at p. 1385.) A state prison term is the only sentencing option available for felony elder abuse convictions under section 368, subdivision (b)(1), because section 1170, subdivision (h) is inapplicable. The court did not err by sentencing Pitchie to a three-year state prison term.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.