Filed 11/18/15  P. v. Littlefield CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078865 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR85487) |
| v. | |
| OCEAN SUNFLOWER LITTLEFIELD, | |
| Defendant and Appellant. | |

Approved by the voters at the November 2014 general election, Proposition 47 reduced certain felony offenses -- including possession of controlled substance in violation of Health and Safety Code section 11377 -- to misdemeanors.  It also provided a procedure by which "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of

1

conviction in his or her case to request resentencing . . . ." (Pen. Code,[1] § 1170.18, subd. (a).)  Under the terms of Proposition 47, however, relief is not available to "persons who have one or more *prior convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i), italics added.)

The issue in this case is whether a conviction qualifies as a "prior" conviction within the meaning of Proposition 47 if that conviction occurred at the same time as the conviction on which the defendant seeks resentencing.  Defendant Ocean Sunflower Littlefield contends that to be a "prior" conviction, the disqualifying conviction must have occurred before the date of the conviction for which resentencing is sought.  We disagree.  Although the language of the proposition is ambiguous on this point, the most reasonable interpretation of that language is that a conviction is a "prior" conviction within the meaning of the proposition if that conviction occurred at any time before the court rules on the resentencing petition.  Under that reading of Proposition 47, the trial court here correctly denied defendant's petition and therefore we affirm.

PROCEDURAL BACKGROUND

In September 2013, defendant was convicted of three offenses:  (1) going to an arranged meeting place to meet a minor for lewd purposes (§ 288.4, subd. (b)); (2) contacting a minor to commit a sexual offense (§ 288.3, subd. (a)); and (3) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  In November 2013, the trial court sentenced defendant to a two-year prison term on the first offense, a concurrent 4-month term on the second offense, and a consecutive eight-month term on the third offense, but suspended execution of the sentence and placed defendant on five

---

[1] All further undesignated section references are to the Penal Code.

2

years' probation.  The first two offenses require registration as a sex offender pursuant to subdivision (c) of section 290.

In January 2015, defendant filed a petition under Proposition 47 seeking resentencing on his conviction of possession of a controlled substance.[2]  In his petition, defendant attested that he had "no prior convictions . . . for an offense requiring registration pursuant to Penal Code § 290(c)."  The People opposed the petition on the ground that defendant "would be ineligible [for] relief because of [the] 290 requirement that came with the other counts that he was found guilty of."  Defendant argued that those convictions were "contemporaneous convictions," not prior convictions.  The court granted a continuance to allow the parties to brief the issue.

At the next hearing in February, the People agreed with defendant that his convictions did not qualify as prior convictions within the meaning of Proposition 47 and thus would not bar resentencing on the drug possession charge.  The trial court expressed doubt and continued the matter again to consider the issue.  At the next hearing in March, the court concluded that because defendant had a prior conviction for an offense that required sex offender registration "at the time [he] brought [his] . . . petition" for resentencing, he was not entitled to resentencing on the drug possession charge, "notwithstanding the fact that . . . all [of the offenses] happened at once."  Accordingly, the court denied defendant's petition.  Defendant timely appealed.

## DISCUSSION

" 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.'  [Citation.]  ' "The fundamental purpose of

---

[2]     As neither party has raised the issue and we can affirm the trial court's decision on another basis, we have no occasion to consider whether a defendant who is on probation following the suspension of the execution of his sentence is "currently serving a sentence" within the meaning of subdivision (a) of section 1170.18.

3

statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.]

" 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " ' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

Here, defendant contends subdivision (i) of section 1170.18 is unambiguous with regard to what constitutes a "prior" conviction that will render a defendant ineligible for relief under Proposition 47 because "[t]he statute clearly uses the term 'prior' to refer to convictions prior to the one for which relief is sought." He points to the use of the terms "prior or current felony conviction" and "prior or current conviction" in subdivision (h)(3)(A) of section 1170 and argues that if the voters "meant to disqualify defendants from Proposition-47 eligibility based on current or contemporaneous convictions [they] would have used the 'prior or current' language of section 1170, subdivision (h)(3)(A)."**3**

---

**3**  In its entirety, subdivision (h) of section 1170 provides as follows:

"(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years.

4

We are not persuaded. Subdivision (h) of section 1170 is part of the Criminal Justice Realignment Act of 2011 under which "numerous offenses previously punishable by specified terms in state prison are now punishable by serving that same term in local custody at the county jail." (*People v. Vega* (2014) 222 Cal.App.4th 1374, 1379.) By its very nature, that statute operates *at the time of sentencing*. Thus, in disqualifying certain defendants from serving their sentences in county jail based on "a *prior or current* felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a *prior or current* conviction for a violent felony described in subdivision (c) of Section 667.5" (italics added), subdivision (h)(3)(A) of section 1170 uses the term "prior or current" to describe (1) convictions that occurred before the current sentencing proceeding (prior

---

"(2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense.

"(3) Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison.

"(4) Nothing in this subdivision shall be construed to prevent other dispositions authorized by law, including pretrial diversion, deferred entry of judgment, or an order granting probation pursuant to Section 1203.1.

"(5)(A) Unless the court finds that, in the interests of justice, it is not appropriate in a particular case, the court, when imposing a sentence pursuant to paragraph (1) or (2), shall suspend execution of a concluding portion of the term for a period selected at the court's discretion."

convictions) and (2) convictions that are being sentenced as part of the current sentencing proceeding (current convictions).

Unlike subdivision (h) of section 1170, however, section 1170.18 does not operate at the time of sentencing; rather, it operates when a person is "currently serving a sentence for a conviction" (§ 1170.18, subd. (a)) or "has completed his or her sentence for a conviction" (*id.*, subd. (f)). Given that section 1170.18 does not operate at the time of sentencing, there is no reason to expect that the voters would have used the term "current conviction" in subdivision (i) of the statute to refer to a conviction that occurred at the same time as the conviction for which the defendant seeks relief under Proposition 47, given that both such convictions will always have occurred *in the past*. Thus, the fact that subdivision (i) of section 1170.18 does not use the term "current conviction" does not lead to the conclusion that the statute is unambiguous with respect to what constitutes a "prior" conviction.

That being said, while the absence of the term "current conviction" does not carry the day for defendant, we do believe that subdivision (i) of section 1170.18 is ambiguous as to what constitutes a disqualifying "prior" conviction because the language of the statute does not necessarily answer the question, "prior" to what? On the one hand, because subdivision (a) of section 1170.18 grants a conditional right to relief to "[a] person currently serving a sentence for *a conviction*"[4] (italics added), and subdivision (f) grants a similar right to "[a] person who has completed his or her sentence for *a conviction*" (italics added), the term "prior conviction" in subdivision (i) *could* be understood by reference to the term "a conviction" in subdivisions (a) and (f) to refer to a

---

[4] The right to relief is conditional because even if all of the criteria in subdivision (a) are satisfied, the sentencing court has discretion to deny resentencing if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

conviction that occurred prior to the conviction for which relief is sought. On the other hand, because subdivision (i) specifically makes the provisions of section 1170.18 inapplicable "to persons who *have* one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290" (italics added), the term "prior conviction" in subdivision (i) could *also* be understood to refer to any conviction that occurred prior to the time the trial court rules on the petition for resentencing.

This latter reading is the one the People now advocate. According to them, "[t]he obvious context of section 1170.18 is that in which a convicted felon is seeking resentencing, by petitioning for recall of sentence. The time period at issue necessarily encompasses the time after the original sentencing, up until the time the inmate's petition for recall of his original sentence is decided." Thus, in the People's view, "the use of the present tense language 'have' indicates the convictions must have occurred only before the time the court decides the inmate's petition for recall of sentence."

The People are correct that use of the present tense of the verb "to have" must be given meaning. " 'In construing statutes, the use of verb tense by the Legislature is considered significant.' [Citation.] In particular, the Legislature's use of present tense language has often been interpreted as indicating an intent to establish 'current' requirements. For example, in *People v. Loeun* (1997) 17 Cal.4th 1 [69 Cal.Rptr.2d 776, 947 P.2d 1313], the court interpreted the phrase ' " 'engage in or have engaged in a pattern of criminal gang activity' " ' as indicating the Legislature's intent that current criminal conduct can satisfy the statutory requirement for a pattern of criminal gang activity. (*Id.* at p. 10.) Similarly, in *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584], our Supreme Court concluded that the Legislature's use of present tense language in Welfare and Institutions Code section 6600 of the Sexually Violent Predators Act indicates that 'the statute clearly requires the trier of fact

7

to find that [a sexually violent predator] is dangerous at the time of commitment.' (*Hubbart*, *supra*, 19 Cal.4th at p. 1162.)" (*People v. Brewer* (2001) 87 Cal.App.4th 1298, 1304-1305.)

Unfortunately, however, the use of the present tense in subdivision (i) of section 1170.18 does not resolve the issue here. It is true that subdivision (i) of section 1170.18 renders the statute inapplicable to persons who "have" certain disqualifying "prior convictions." Moreover, just as subdivision (h) of section 1170 speaks to the time when the trial court is imposing sentence, section 1170.18 speaks to the time when the trial court is either (1) determining whether a defendant who has filed a petition for resentencing under subdivision (a) "satisfies the criteria in [that] subdivision" (§ 1170.18, subd. (b)), or (2) determining whether an application to redesignate a felony conviction as a misdemeanor under subdivision (f) "satisfies the criteria in [that] subdivision" (*id.*, subd. (g)). Thus, it is at the time the trial court rules on the petition for resentencing or the petition for redesignation that the court must determine whether a defendant *has* a disqualifying prior conviction. But the question still remains, "prior" to what? Notwithstanding the use of the present tense in subdivision (i) of section 1170.18, the voters could have intended that a disqualifying conviction be one that occurred either: (1) prior to the conviction for which relief is sought; or (2) prior to the time the court is determining whether relief is warranted.

Defendant contends that we should resolve any ambiguity in the statute in his favor because "[w]hen language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit." (*People v. Overstreet* (1986) 42 Cal.3d 891, 896.) "However, this rule is not inflexible and courts decline to apply it where it leads to results that are contrary to legislative intent or that fail to prevent the harm that is identified in the statute or that override common sense and create palpable absurdities." (*People v. Davis* (1985) 166 Cal.App.3d 760, 766, cited

8

with approval in *People v. Pieters* (1991) 52 Cal.3d 894, 899; see also *People v. Cruz* (1996) 13 Cal.4th 764, 783 ["ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent"].)

The obvious intent behind subdivision (i) of section 1170.18 was to preclude certain defendants from receiving the benefit otherwise available under that statute -- reducing a felony conviction to a misdemeanor. Specifically, the voters identified two classes of defendants who, in the voters' estimation, did not deserve the advantages that flow from reducing a felony to a misdemeanor: (1) persons with one or more prior convictions for certain serious and/or violent felonies;[5] and (2) persons with one or more

---

[5]     Specifically, subdivision (i) of section 1170.18 refers to "an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." The offenses specified in that clause are as follows:

"(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V) Solicitation to commit murder as defined in Section 653f.

"(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

9

prior convictions for sex offenses that require lifetime registration as a sex offender. The only criterion that must be met under subdivision (i) to establish a defendant's disqualification is that the defendant must "have one or more [disqualifying] prior convictions."

In our view, it would be contrary to common sense and inconsistent with the apparent intent of the voters for us to conclude that a defendant who sustained a disqualifying prior conviction before he sustained the conviction he seeks to reduce to a misdemeanor is barred by subdivision (i) from obtaining the benefit of section 1170.18, but a defendant who sustained such a conviction *at the same time as or after* he sustained the conviction he seeks to reduce to a misdemeanor, but *before* the court rules on his petition for relief under section 1170.18, is *not* barred from obtaining such relief. As far as we can see, there would have been no rational basis for the voters to draw that distinction. Certainly defendant does not offer any such basis here. Thus, he does not explain why it would be consistent with the voters' intent to allow him to reduce his felony drug possession offense to a misdemeanor because he was convicted of his registerable sex offenses at the same time as the drug offense, rather than on a prior date, while a similarly situated defendant who had a registerable sex offense that predated his drug offense would be denied that relief.

Based on the foregoing reasoning, we conclude that the most reasonable interpretation of subdivision (i) of section 1170.18 is that a conviction is a "prior" conviction within the meaning of that provision if that conviction occurred at any time before the court rules on the petition for relief under section 1170.18. Under that reading of the law, the trial court here correctly denied defendant's petition for resentencing.

---

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv).)

10

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/s/_____
Robie, J.

I concur:


/s/_____
Nicholson, J.

BLEASE, J.  Concurring in the result.

The majority opinion goes to great interpretive lengths to read "prior conviction" to include a "current conviction" for the policy reason that it would made little sense when the disqualifying conviction occurred at the same time as the current conviction.  I agree it would make no policy sense to conclude otherwise and hence agree with the result but find the attempt to transmute a <u>current</u> conviction into a <u>prior</u> conviction sophistical.  The simple answer is that Proposition 47 does not provide relief where, as here, a current qualifying conviction is paired with a current disqualifying conviction.  It only applies where the sole current conviction is qualifying.


/s/_____
Blease, Acting P. J.


1