Filed 4/22/16  P. v. Seja CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052622 |
| v. | (Super. Ct. No. 15WF0859) |
| TONEZ HUNTER SEJA | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Minh U. Le, Deputy Attorney General, for Plaintiff and Respondent.

We appointed counsel to represent Tonez Hunter Seja on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on her behalf. We gave Seja 30 days to file written argument on her own behalf. That time has passed, and Seja has not filed any written argument.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised one issue: whether the trial court erred by ordering Seja to serve her sentence in prison rather than jail.

Upon our independent review of the record as required by *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, we identified an issue which may, if resolved favorably to Seja, result in reversal of the judgment for purposes of resentencing. Pursuant to California Rules of Court, rule 8.256(e)(1), submission of this matter was vacated to permit the parties to file supplemental briefing on the following issue: whether the true finding on Vehicle Code section 20001, subdivision (c), required the trial court to impose a *prison* sentence. (*People v. Vega* (2014) 222 Cal.App.4th 1374 (*Vega*).) Counsel submitted briefing which we consider as part of our review.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* the information counsel provided, and the supplemental briefing. The judgment is affirmed.

FACTS

Officer Paul Walker responded to a report of a man walking in the middle of the street in the vicinity of Beach Boulevard and Bishop in the City of Westminster. When Walker arrived, he saw a Caucasian male lying in the street next to where Officer Keith Phan was standing. The male was later identified as Gerrel B. Walker received a description of the vehicle that had stuck Gerrel and information indicating another officer had located the vehicle nearby. Seja was driving the vehicle and admitted she had been involved in a traffic collision. Walker went to the intersection and saw the passenger side of the windshield of Seja's vehicle was completely smashed in and the front passenger side fender had a large dent running the entire length of the fender. The vehicle was also missing its passenger side view mirror. Seja was out of the vehicle and was seated on a raised brick planter. Walker immediately saw objective symptoms of alcohol intoxication.

Seja's eyes were bloodshot and watery. Her speech was slow and slurred and her breath had a strong odor of alcohol. Seja admitted to having consumed alcoholic beverages and a series of field sobriety tests was administered. At the conclusion of the field sobriety tests, Walker formed the opinion the alcohol Seja consumed had impaired her ability to operate a motor vehicle. Having concluded Seja was driving under the influence of alcohol, Walker arrested Seja. A blood test later revealed a blood concentration of .15 percent.

3

Gerrel was transported to the hospital where he was treated for severe head trauma, numerous facial fractures, and possible vertibra fractures. Gerrel later died as a result of these injuries.

An amended information charged Seja with felony vehicular manslaughter while intoxicated without gross negligence (Pen. Code, § 191.5, subd. (b)) (count 1), felony driving under the influence of alcohol causing great bodily injury (Veh. Code, § 23153, subd. (a)) (count 2), felony driving with a blood alcohol .08% of more causing bodily injury (Veh. Code, § 23153, subd. (b)) (count 3), and felony hit and run with permanent injury or death (Veh. Code, § 20001, subds. (a) & (b)(2)) (count 4). The information alleged Seja fled the scene of the crime after committing count 1 (Veh. Code, § 20001, subd. (c)). As to counts 2 and 3, the information alleged Seja's blood alcohol level was .15% and more by weight (Veh. Code, § 23578), and she inflicted great bodily injury on Gerrel (Pen. Code, § 12022.7, subd. (a)).

Seja pleaded guilty to count 1 and admitted the enhancement she fled the scene of the crime, and count 4. The trial court dismissed counts 2 and 3 as lesser included offenses.

The trial court sentenced Seja to the low term on count 1, one year and four months, and five years on the enhancement for a total term of six years and four months in prison. The court awarded Seja credit for time served of 148 actual days plus 148 days conduct credits pursuant to Penal Code section 4019, for a total of 296 days. At the sentencing hearing, the trial court stated that if it had the discretion it would strike the enhancement and impose "a split sentence of mandatory supervision." The court explained that under the plain language of Vehicle Code section 20001, subdivision (c), and the holding in *Vega, supra,* 222 Cal.App.4th 1374, the court believed it could not impose a sentence other than prison. Seja filed a timely notice of appeal and the trial court issued a certificate of probable cause.

4

The issue before us is whether Seja's convictions and enhancement require a prison sentence or jail sentence. Her convictions for counts 1 and 2 would allow for a local jail sentence. However, Seja also admitted an enhancement allegation pursuant to Vehicle Code section 20001, subdivision (c), as to count 1. Vehicle Code section 20001, subdivision (c), provides, in pertinent part, that a person who flees the scene of the crime shall be punished by an additional term of five years in prison. The question is whether an enhancement that expressly provides for a term in prison requires the entire sentence be served in prison even where the base or underlying offense would permit service of that term in local custody.

The Criminal Justice Realignment Act of 2011 (the Act) took effect on October 1, 2011. Under the Act, qualified persons convicted of nonserious and nonviolent felonies are sentenced to county jail instead of prison. (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178.) Penal Code section 1170, subdivision (h), provides, in relevant part: "(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years[;] [¶] (2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense." The Act does not specifically address the issue of enhancements.

The only case addressing the question of whether an enhancement that expressly provides for a term in prison disqualifies a defendant from serving a jail sentence on an otherwise qualifying felony is *Vega, supra,* 222 Cal.App.4th 1374. In *Vega*, defendant pleaded no contest to manufacturing methamphetamine (Health & Saf. Code, § 11379.6), and admitted the allegation minors were present where the manufacturing took place (Health & Saf. Code, § 11379.7, subd. (a)). (*Vega, supra,*

5

222 Cal.App.4th at p. 1378.)  The parties agreed the allegation barred Penal Code section 1170, subdivision (h), eligibility.  (*Vega, supra,* 222 Cal.App.4th at p. 1378.)  The trial court sentenced defendant to five years in prison.  After defendant was committed to prison, the California Department of Corrections and Rehabilitation asked the trial court to review its sentencing determination because it had concluded the Act provided the commitment offense qualified for jail time.  Over the prosecution's objections, the trial court modified defendant's sentence to jail for three years.  The prosecution appealed, arguing the enhancement required a prison sentence even when the commitment offense allowed for a jail sentence.  (*Ibid.*)

The *Vega* court agreed, concluding that when the underlying felony offense specifies imprisonment in jail and an enhancement to that felony specifies prison time, the enhancement provision controls placement of the defendant.  (*Vega, supra,* 222 Cal.App.4th at p. 1387.)  The court explained that in the Act, the Legislature intended to allow low-level felony offenders who do not have prior convictions for serious, violent, or sex offenses to serve their sentences in community-based corrections programs.  (*Id.* at p. 1384.)  The court observed nothing in the purpose of the Act suggested the Legislature intended an enhancement was to be considered a low-level felony.  (*Ibid.*)  It noted an enhancement is designed to increase or make greater the punishment that would otherwise be imposed.  The court further reasoned the absence of any reference to enhancements or special allegations in the Act weighed in favor of a finding the Legislature intended the terms associated with enhancements or allegations to remain unchanged unless specifically modified.  It thus concluded that prison remains the default punishment for felony convictions even after the Act, unless the offense is punishable pursuant to Penal Code section 1170, subdivision (h).  (*Id.* at pp. 1384-1385)

Although here we are confronted with a different enhancement, the *Vega* court's reasoning is persuasive and equally applicable here.  Thus, we conclude the fact Seja admitted the enhancement of fleeing the scene barred her from a jail sentence.

6

## DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.