Filed 6/14/16  P. v. Noor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079587 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62123396, 62124257D) |
| v. | |
| MOHAMMAD USOF NOOR, | |
| Defendant and Appellant. | |

Defendant Mohammad Usof Noor was sentenced to nine years in state prison pursuant to a plea agreement involving two separate cases.  On appeal, he challenges the trial court's order remanding him to state prison rather than county jail pursuant to Penal Code[1] section 1170, subdivision (h).  We will dismiss the appeal.

---

[1]    Undesignated statutory references are to the Penal Code.

1

# PROCEDURAL HISTORY

A detailed recitation of the facts is unnecessary to the resolution of this appeal.

## Case No. 62123396

On December 18, 2013, defendant was charged with felony possession for sale of heroin, a controlled substance and felony transportation for sale of heroin, a controlled substance.

## Case No. 62124257

On December 19, 2013, defendant was charged with felony conspiracy to dissuade a witness, felony conspiracy to dissuade a witness by use of force or threat of force, and felony street terrorism. The information alleged defendant committed counts one and two for the benefit of, at the direction of, or in association with a criminal street gang, and was released on bail during commission of all three counts.

On April 13, 2015, defendant pled no contest in case No. 62124257 to a newly added charge of inducing false testimony and admitted the gang and on-bail enhancements, and pled no contest in case No. 62123396 to possession for sale of heroin (count one), in exchange for dismissal of all remaining charges and allegations in both cases and a stipulated aggregate sentence of nine years in state prison. Defendant stipulated to the following factual basis for his plea:

On or about July 11, 2013, and August 14, 2013, in case No. 62124257, defendant "used fraud against" the victim, D. S., intending to cause D. S. to give false testimony or withhold testimony in a judicial hearing. Defendant committed the crimes for the benefit of or in association with the Norteño criminal street gang and with the intent to assist, further, or promote criminal conduct by the Norteño criminal street gang. At the time of the commission of the crimes, defendant was either released on bail or his own recognizance in case No. 62123396 in which, on July 11, 2013, he possessed for sale a usable amount of heroin, a controlled substance.

The trial court sentenced defendant to nine years in state prison according to the plea. The sentence was calculated as follows: Three years (the middle term) for inducing false testimony, plus a consecutive term of three years (the middle term) for the gang enhancement, a consecutive two-year term for the on-bail enhancement, and a consecutive one-year term (one-third the middle term) for possession for sale of heroin.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

DISCUSSION

Defendant contends the trial court erred in remanding him to state prison because his underlying offenses and enhancements require that his sentence be served in county jail pursuant to section 1170, subdivision (h).[2] Therefore, the state prison sentence was " 'unauthorized.' " (*People v. Scott* (1994) 9 Cal.4th 331, 354 ["[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case"].)

" '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see *People v. Panizzon* (1996) 13 Cal.4th 68, 76, 78-79; § 1237.5.) Defendant's claim requires a certificate of probable cause. He did not obtain one. Thus, his contention challenging a sentence that was part of the plea agreement is not cognizable on appeal.

---

[2] Subdivision (h) of section 1170 is part of the Criminal Justice Realignment Act of 2011 (Realignment Act) under which "numerous offenses previously punishable by specified terms in state prison are now punishable by serving that same term in local custody at the county jail." (*People v. Vega* (2014) 222 Cal.App.4th 1374, 1379.)

Even if the issue were cognizable on appeal, defendant would be estopped from challenging a sentence to which he agreed. "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.] . . . 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' " (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

In *Hester*, the defendant pled no contest in exchange for an agreed-upon term of four years. At sentencing, the court imposed the four-year term but also imposed concurrent terms for other crimes. (*People v. Hester*, *supra*, 22 Cal.4th at p. 293.) On appeal, the defendant asserted that imposition of the concurrent sentences violated section 654. But the court concluded that the assertion was barred by former rule 412(b) of the California Rules of Court. It stated: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Hester*, at p. 295.) The court concluded the defendant's acceptance and agreement to the specified sentence precluded him from challenging the trial court's erroneous failure to stay execution of the

4

sentence under section 654, even though the court thereby acted in excess of its jurisdiction and imposed an unauthorized sentence. (*Hester*, at pp. 294-295.)

We conclude that even if defendant's challenge to his sentence were cognizable on appeal, the rationale in *Hester* would apply here. Defendant accepted and agreed to a nine-year state prison sentence contrary to the county jail mandate of section 1170, subdivision (h). He would therefore be estopped from challenging any part of his sentence as unauthorized, assuming his appeal were properly before us.

Defendant acknowledges *Hester* but argues its holding is not controlling in light of the intervening legislative enactment in 2011 of the Realignment Act, which prohibits a defendant from bargaining away the mandate of county jail sentencing. He cites no authority to support the claim. In any event, the Realignment Act had long been in effect by the time defendant entered into his plea agreement in April 2015. Defendant gained the benefit of a significantly reduced sentence due to his negotiated plea to dismiss numerous felony charges (e.g., conspiracy to dissuade a witness, conspiracy to dissuade a witness by use of force or threat of force, street terrorism, and transportation for sale of a controlled substance), absent which he faced a much longer possible sentence. Moreover, when asked by the court if understood he would be sentenced "to the Department of Corrections for this term of nine years," defendant, who was represented by counsel, said, "Yes, sir." When imposing sentence, the court reiterated numerous times that defendant would be sentenced "to the Department of Corrections and Rehabilitation," and remanded defendant to the sheriff "to be delivered to the Department of Corrections and Rehabilitation for the commencement of sentence." Accordingly, his claim of an unauthorized sentence is governed by the rationale of *Hester*, and he would be estopped from raising the issue on appeal, even if the appeal were properly before us. The appeal is *not* properly before us, however, because defendant failed to obtain a certificate of probable cause.

## DISPOSITION

The appeal is dismissed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Renner, J.